**Linda McCLAIN, et al.**

v.

**Charles E. SMITH, Commissioner, Tennessee Department of Education, et al.**

**Earl HOFFMEISTER, Superintendent, Knox County Schools**

v.

**Linda McCLAIN, et al.**

**No. CIV-3-89-674, CIV-3-90-279.**

United States District Court, E.D. Tennessee, N.D.

April 13, 1990.

John E. Owings, Knox County Law Director, Knoxville, Tenn.

Jane Young, Dean Hill Rivkin, Knoxville, Tenn.

Charles W. Burson, Atty. Gen., Jane W. Young, Asst. Atty. Gen., Nashville, Tenn., for Charles E. Smith and Eric Taylor.

Brenda McGee, Knoxville, Tenn., for Linda McClain and Kristain McClain.

## ORDER

HULL, District Judge.

These are related actions under the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* [EAHCA] involving a severely retarded nineteen-year-old woman, Kristi McClain, who currently resides at the Adult Community Training, Inc. (ACT) in Loudon County, Tennessee. ACT is a private group home for adults which contracts with the Tennessee Department of Mental Health and Mental Retardation to provide habilitation and vocation training to adults financially eligible for Medicaid. Ms McClain was transferred to this facility by the Department of Mental Health and Mental Retardation after a stay at Greene Valley Developmental Center. In an Order of October 30, 1989, this Court required that Ms McClain be allowed to "stay put" while the parties attempted to resolve the issues presented in these lawsuits. 793 F.Supp. 756. These issues include the problem of whether or not Ms McClain's placement at ACT was an appropriate educational placement within the meaning of EAHCA; whether Knox County is the entity financially responsible for her education; wheth-

er EAHCA funds can be required to pay for a placement at a private group home which is not technically an educational institution; and whether or not Ms McClain's placement at ACT or any residential facility is "educationally necessary" meaning that education funds would be required to pay for both the residential and educational components of her care. It appears that since this Court issued its "stay put" order, ACT has been keeping Ms McClain in residence but no payments are currently being made for her room and board. ACT has brought this problem to the Court's attention in a motion for partial summary judgment against the other parties. [Doc. 27 in CIV–3–89–674].

Defendants Charles E. Smith, Commissioner, Tennessee Department of Education and Eric Taylor, Commissioner, Tennessee Department of Mental Health and Mental Retardation explain to the Court that persons residing at group homes such as ACT receive Medicaid funds for personal care and "habilitation services" under the Medicaid waiver program (the normal requirements that similar services and medication, etc. be dispensed by hospitals and other mental health institutions have been waived). Under Medicaid regulations, these funds cannot be used to pay for room and board. 42 C.F.R. § 441.310(a)(3). Typically, an adult in a group home such as Act pays for his room and board with his Social Security benefits or Supplemental Security Income and the home is often made the payee of such funds. When children such as Ms McClain are in similar institutions, their Social Security benefits, if they have them, pay for the residential component of the stay and the local educational agency pays for the educational aspects of the confinement using federal education funds available through EACHA. Education funds are not normally expended for room and board unless the residential component of the child's expenses is determined to be educationally necessary.

At the time Ms McClain was transferred from Greene Valley to ACT, no specific finding had been made as to whether a residential placement was educationally necessary although all the professionals were in agreement that ACT offered a program which would be very good for Ms McClain, which would follow the educational goals established for her at Greene Valley, and which would permit her to remain near Knox County where she could be visited by her mother. It is obvious from the record that the professionals involved in the decision to transfer Ms McClain were aware that she was not being moved to an educational facility but to an adult group home. Mrs. McClain, Kristi's mother and legal guardian was told this. However, it is also obvious from the record that nobody told Mrs McClain that this placement would have to be funded at least in part by her daughter's Social Security checks (the way it would be if she were an adult) and that the move would be interpreted as a waiver of her daughter's right to EACHA funds.

When Ms McClain received a bill for her daughter's room and board expenses at ACT (as her daughter's guardian and representative payee), she initiated administrative proceedings which have now been completed.

The Administrative Law Judge (ALJ) found, among other things, that Kristi McClain was knowingly withdrawn from the public education system for the period of time she was enrolled at A.C.T.; that the group home cannot be considered an appropriate educational placement for her; that Knox County is the agency responsible for providing Ms McClain's education; and that a residential placement was educationally necessary. He directed her home local education agency, Knox County, to immediately identify a residential placement capable of providing services required. Knox County has appealed these findings in CIV–3–90–279.

The Court has now reviewed the entire administrative record in this cause and the transcript of the hearings. It agrees with the ALJ that Knox County is the entity responsible for Ms McClain's education. The fact that she currently resides in Loudon County, Tennessee, does not change the fact that her legal domicile is Knox County nor does it shift to Loudon

County the responsibility to provide her education. It also agrees with the ALJ that Ms McClain currently requires a residential placement, meaning that the residential component of her expenses is educationally necessary. The administrative record strongly supports such a finding—particularly the opinions of Knox County school psychologist Robert W. Walton and Dr. Corrine Bell. The Court also agrees that the Loudon County group home cannot be considered an appropriate educational placement for Ms McClain and concurs in the ALJ's order that Knox County must immediately identify a residential placement capable of providing the services required in the educational program developed for this student. On all these points the order of the ALJ is AFFIRMED.

■ The only disagreement this Court has with the ALJ's decision concerns his finding that Mrs. McClain knowingly withdrew her daughter from the public education system if that is interpreted to mean she waived her daughter's right to EAHCA funds. The record is clear that she understood that ACT was not a school. However, she was also told that there was no other opening for her daughter and that ACT would give her daughter the same kind of training she had been receiving at Greene Valley Developmental Center. In light of the fact that all the experts were telling her that this was the right choice and that there was no other institution in the vicinity (meaning close enough for her to visit with her daughter on weekends), she could hardly have been expected to make any other.

With regard to ACT's motion for summary judgment on the issue of payment, the Court FINDS that Knox County is the party responsible for Ms McClain's expenses at ACT from the time she was transferred there from Greene Valley Developmental Center until May 1, 1990. Knox County failed to come forward and take responsibility for her education when she was discharged from Greene Valley and permitted her to be placed outside the educational system. Between now and May 1, 1990, Knox County must find an appropriate educational placement for Ms McClain or determine that the current placement meets the requirements of EAHCA.

It appears that this order resolves all the issues pending in both cases unless new evidence is offered in support of Knox County's appeal. The Clerk is DIRECTED to close CIV–3–89–674. CIV–3–90–279 will remain open for twenty days to allow the parties to determine whether or not they have any additional evidence to bring before the Court on the appeal from the ALJ's ruling concerning the necessity for a residential, educational placement.